NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

KATHLEEN TAYLOR SOOY (*pro hac vice*)
ksooy@crowell.com
APRIL N. ROSS (*pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

*Attorneys for Defendant*
GENERAL MOTORS LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: GENERAL MOTORS LLC CP4 FUEL PUMP LITIGATION | Case No. 4:18-cv-07054-JST<br><br>**GENERAL MOTORS' REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Date: October 2, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Plaintiffs argue to the Judicial Panel on Multidistrict Litigation that centralizing this case with nine others "will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary."[1] Their opposition to a brief stay in this case while the Panel considers their transfer motion contradicts those very goals. They also insist on beginning discovery here, at the same time they are pushing discovery in the Texas case, which is inconsistent with their goal of eliminating duplicative discovery. Their apparent gamesmanship should not be rewarded. The resources of the courts and the parties are better conserved if this Court and other courts grant brief stays until the Panel rules. A brief stay will *not* prejudice plaintiffs, and the lack of a brief stay will prejudice GM.

## ARGUMENT

### I. A Brief Stay Promotes Judicial Efficiency And Economy.

The "most important factor when considering a motion to stay pending an MDL motion" is judicial economy. *Short v. Hyundai Motor Am. Inc.*, No. C19-0318JLR, 2019 WL 3067251, at *2 (W.D. Wash. July 12, 2019). That important factor weighs in favor of granting a stay here. Contrary to plaintiffs' arguments,[2] preliminary proceedings such as discovery and developing a case management plan can "unnecessarily consume judicial time and energy" when an action may be transferred to an MDL. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1361 (C.D. Cal. 1997).

Staying this action while the Panel considers plaintiffs' motion will conserve judicial resources in multiple ways. First, if the cases are transferred and centralized, discovery of GM can proceed in a coordinated manner without duplication or confusion. Second, if the action is transferred to a different court, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id.* at 1360-61. Third, this Court's efforts on case management would be duplicated by the MDL court if this Court is not named the MDL court. *Id.*; *accord Gonzalez v. Ford Motor Co.*, No. 17-CV-

---

[1] Brief in Support of the CP4 Plaintiffs' Motion for Transfer of Actions to the N.D. Cal. Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings at 15, ECF No. 60-1 ("Transfer Br.").

[2] Pls.' Opp. to Def. GM's Motion to Stay Proceedings at 5, ECF No. 62 ("Opp.").

05885-LHK, 2017 WL 9614465, at *2 (N.D. Cal. Nov. 16, 2017); *Jones v. Sanofi US Servs. Inc.*, No. CV 18-8268-R, 2018 WL 6842605, at *2 (C.D. Cal. Nov. 19, 2018).

Plaintiffs argue the Court "should not automatically stay discovery" when a motion for transfer is filed with the Panel. Opp. at 2. The Manual for Complex Litigation advises against entering a scheduling order and commencing discovery:

> The transferor court should not automatically stay discovery; it needs to consider provisions in local rules that may mandate early commencement of discovery, and an order modifying such provisions' impact on the litigation may be necessary . . . . [I]t may be advisable to defer certain matters until the Panel has the opportunity to rule on transfer. For example, there would be little purpose in entering a scheduling order while a [transfer decision] is pending.

Manual for Complex Litigation § 20.131. A brief stay here would further the objectives of Section 1407, as well as plaintiffs' stated reasons for seeking transfers: "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Id.*; *accord Sterling Int'l Consulting Grp. v. Lenovo (United States) Inc.*, Nos. 5:15-CV-00807-RMW et al., 2015 WL 12864198, at *1 (N.D. Cal. May 12, 2015); *see* Transfer Br. at 15.

Plaintiffs argue that this case "may" remain in this Court, so it should proceed at full steam. Opp. at 3-4, 5. But this case also may be transferred to another court, under either Section 1407[3] or Section 1404.[4] For this reason, judicial economy is best served by a brief stay.

Three other courts with cases being considered for transfer have stayed their actions

---

[3] Plaintiffs and GM agree that the Eastern District of Michigan is an appropriate venue for this case. Transfer Br. at 1, 20; GM's Opp. to Motion for Transfer at 18, MDL No. 2919, ECF No. 18. Ford also requested that the Ford cases be transferred to the Eastern District of Michigan. *See, e.g.*, Def. Ford Motor Co.'s Motion to Transfer Venue Under §1404 to E.D. Mich., *Farlow v. Ford Motor Co.*, No. 3:18-cv-06967 (N.D. Cal.), ECF No. 61.

[4] On August 15, 2019, GM proposed to plaintiffs' counsel that the parties stipulate under 28 U.S.C. § 1404 to transfer this action, along with actions pending in Florida and Texas, to the Eastern District of Michigan for coordination or consolidation with the nationwide case plaintiffs' counsel recently filed there. Plaintiffs' counsel said they would consider GM's request, but never responded. Instead, they filed the motion for transfer. *See* Decl. of April N. Ross, Ex. 1.

(including the Ford case in this District).[5] No court has denied a request to stay a case in which discovery has not yet begun.[6] Where discovery has begun, two courts have stayed all proceedings,[7] and one declined to stay discovery but stayed all other activity, including a ruling on GM's pending motion to dismiss.[8] These other courts are upholding the goal of judicial economy.

## II. A Short Delay Will Not Prejudice Plaintiffs.

Plaintiffs' authorities confirm that courts "frequently grant stays when an MDL decision is pending, particularly when the plaintiff would not be prejudiced by a slight delay." *Asmann v. Dairy Farmers of Am., Inc.*, No. CIV.A. 12-1060-KHV, 2012 WL 1136865, at *2 (D. Kan. Apr. 4, 2012); *see* Opp. at 2 n.9. Plaintiffs acknowledge that the likely Panel hearing date is soon. Opp. at 3 (stating the likely JPML hearing date is December 5, 2019). Plaintiffs give no basis for any prejudice to them from such a short delay.[9] They point to no ongoing GM conduct threatening their interests[10]; their claims have not been pending for a significant period of time[11]; and they

---

[5] *Nunez v. Ford Motor Co.*, No. 1:18-cv-25211-UU (S.D. Fla.), ECF No. 55; *Ginebra et al. v. General Motors LLC*, No. 1:18-cv-25209-FAM (S.D. Fla.), ECF No. 42; *Farlow v. Ford Motor Co.*, No. 3:18-cv-06967-JD (N.D. Cal.), ECF No. 64.

[6] *See Ginebra et al. v. General Motors LLC*, No. 1:18-cv-25209-FAM (S.D. Fla.), ECF No. 42. The parties in *Dawson et al. v. General Motors LLC*, No. 3:19-cv-08680-AET-LHG (D.N.J.) filed a joint motion to stay on September 11, 2019 (ECF No. 29), which the court has not yet ruled on.

[7] *Farlow v. Ford Motor Co.*, No. 3:18-cv-06967-JD (N.D. Cal.), ECF No. 64; *Nunez v. Ford Motor Co.*, No. 1:18-cv-25211-UU (S.D. Fla.), ECF No. 55. Although the case management conference has not yet occurred in *Nunez*, informal discovery may have commenced as the parties reported that a vehicle inspection had occurred. *See* Joint Supplemental Case Management Statement, *Farlow* ECF No. 58.

[8] The Southern District of Texas granted motions to stay in two cases, except as to discovery and discovery-related motions. *See Click et al. v. General Motors LLC*, No. 2:18-cv-00455 (S.D. Tex.), Order on Motion to Stay Proceedings, ECF No. 63; *Stevens v. Ford Motor Co.*, No. 2:18-cv-00456-NGR (S.D. Tex.), 9/6/19 Minute Entry (declining to "stay discovery or scheduling order deadlines").

[9] Plaintiffs' counsel, who also represent plaintiffs in *Nunez*, support maintaining the stay in *Nunez*. Pls.' Resp. in Opp. & Incorp. Mem. of Law to Ford's Motion to Vacate Stay & Transfer Venue at 2, *Nunez* ECF No. 57.

[10] *Block v. Equifax, Inc.*, No. 17-CV-05367-BLF, 2017 WL 10573832, at *1 (N.D. Cal. Nov. 13, 2017) (cited by plaintiffs, "stay will limit [plaintiffs'] ability to seek immediate relief from the Court in the event that Defendants' [ongoing] conduct in addressing the security breach threatens their interest"); *Terkel v. AT&T Inc.*, Nos. 06 C 2680 et al., 2006 WL 1663456, at *3 (Continued…)

point to no specific relief needed right now.[12] *See Short*, 2019 WL 3067251, at *2 (granting stay in auto defect case because any prejudice to plaintiffs from two to three month stay was "minimal considering the short duration of the stay"). Plaintiffs' inability to identify any specific harm from a brief stay sets this case apart from the cases they cite. *See* nn. 8-10 above.

Further, plaintiffs give no basis for their apparent need "to commence and advance discovery" here. Opp. at 3. *Cf. Jozwiak*, 2010 WL 147143, at *2 (cited by plaintiffs, finding stay would cause prejudice to *defendant* who sought plaintiff-specific discovery, *i.e.*, non-duplicative discovery, to determine whether defendant was properly named in the case). Allowing discovery to proceed on two fronts in Texas and California contravenes the efficiencies plaintiffs claim to want in their motion for an MDL.

Plaintiffs' authorities on staying responsive pleadings while a Panel transfer motion is pending are not applicable under the circumstances here where responsive pleadings have been filed.[13] And plaintiffs' citation of *Strumlauf v. Starbucks Corp.*, No. 16-CV-01306-TEH, 2016

---

(N.D. Ill. June 9, 2006) (cited by plaintiffs, plaintiffs who sought only injunctive relief would be prejudiced if case was stayed because the alleged disclosure of their private information was ongoing).

[11] *Hopple v. Prospect Mortg., LLC*, No. EP-13-CV-00137-DCG, 2013 WL 5493004, at *3 (W.D. Tex. Oct. 2, 2013) (cited by plaintiffs, finding four to six month delay significant because plaintiff had "been waiting almost three years to reach the merits of his claims"); *see also McCurdy v. Novartis Pharm. Corp.*, No. 1:11-CV-00740-AWI, 2012 WL 1551344, at *1 (E.D. Cal. May 1, 2012) (cited by plaintiffs, denying stay of over seven months that was requested *after* the Panel denied motion for transfer).

[12] *See Asmann*, 2012 WL 1136865, at *2 (cited by plaintiffs, denying stay where plaintiff "assert[ed] that she will be prejudiced by a stay of this action because it would prevent her from enforcing her rights arising from Defendants' defaults"); *Jozwiak v. Stryker Corp.*, No. 609-CV-1985-ORL19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010) (cited by plaintiffs, denying stay where it would "unnecessarily delay[ ] the determination of whether the [non-moving parties] are properly named as defendants in the case"); *Weisman v. Se. Hotel Props.*, No. 91-cv-6232, 1992 WL 131080, at *6 (S.D.N.Y. June 1, 1992) (cited by plaintiffs, declining to stay because the court needed to resolve a basic jurisdictional issue).

[13] *See Sunrise Rentals Enters. v. BP, PLC*, No. CIV.A.10-0261-WS-M, 2010 WL 2266772, at *2 (S.D. Ala. June 4, 2010) (declining to stay case still at pleading stage, noting no risk of "inconsistent discovery orders" because discovery would not commence until after answers were filed); *Billy's Seafood, Inc. v. Transocean Holdings, Inc.*, No. CIV.A.10-0215-WS-B, 2010 WL 2104610, at *2 (S.D. Ala. May 25, 2010) (requiring defendants to respond to pleadings but not addressing discovery); *Guerrero v. Target Corp.*, No. 12-21115-CIV, 2012 WL 2054863, at *1 (S.D. Fla. June 7, 2012) (same); *Block*, 2017 WL 10573832, at *1 (defendant would not suffer harm absent a stay where court extended its time to respond to the complaint).

WL 3645194, at *3 (N.D. Cal. July 6, 2016) (Opp. at 3), is not on point because there the court declined to stay discovery that had already begun where *the defendant* filed both the motion for transfer and the motion to stay pending transfer; while here discovery has not yet begun and *plaintiffs*, not GM, filed the motion for transfer.

### III.   GM Will Be Harmed Without A Stay.

Plaintiffs discount the hardship to GM. Opp. at 4-5. First, even preliminary proceedings can be a hardship because "the contours of the case may change following consolidation and transfer." *Sterling*, 2015 WL 12864198, at *1 ("requiring Defendants to comply with their obligations under Rule 16 and Rule 26(f) before the JPML decision would be prejudicial"); *Short*, 2019 WL 3067251, at *2 (same).[14]

Second, courts routinely recognize that "duplicative discovery" is a "hardship" warranting a stay. *See, e.g.*, *Gonzalez v. Ford Motor Co.*, No. 17-CV-05885-LHK, 2017 WL 9614465, at *2 (N.D. Cal. Nov. 16, 2017); *Jones v. Sanofi US Servs. Inc.*, No. CV 18-8268-R, 2018 WL 6842605, at *2 (C.D. Cal. Nov. 19, 2018).

Third, plaintiffs rejected GM's requests to coordinate discovery[15] and to stipulate to Section 1404 transfer of the GM cases.[16] GM should not suffer further hardship with discovery beginning on an uncoordinated basis in multiple cases because plaintiffs chose a longer and more complicated path with the Panel motion. *Cf. Hopple v. Prospect Mortg., LLC*, No. EP-13-CV-00137-DCG, 2013 WL 5493004, at *3 (W.D. Tex. Oct. 2, 2013) (cited by plaintiffs, finding no inequity in requiring defendant's participation in discovery in separate actions when defendant chose to decertify the actions rather have them proceed as collective action).

---

[14] In *Jozwiak* (Opp. at 1 n.1), the court found no hardship to defendant from denying the stay because discovery had not commenced and at most the parties would have Rule 26 conference and exchange initial disclosures before the Panel ruled on the motion. Here the parties have already exchanged initial disclosures and plaintiffs want to commence discovery.

[15] Plaintiffs' declaration in support of their opposition does not state that plaintiffs agreed to coordinate discovery—only that "GM stated it intends for documents and witnesses produced in one action to be deemed produced in each of [plaintiffs' counsel's] pending CP4 defect cases against GM." *See* Perkins Decl. ¶ 2, ECF No. 62-2.

[16] *See* Ross Decl. ¶¶ 4-5.

## **CONCLUSION**

For these reasons, GM respectfully requests that the Court stay these proceedings until after the Panel's resolution of plaintiffs' pending motion to transfer.

September 13, 2019

Respectfully submitted,

CROWELL & MORING LLP

*/s/ Kathleen Taylor Sooy*

Kathleen Taylor Sooy
April N. Ross
Nathaniel P. Bualat

*Attorneys for* GENERAL MOTORS LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

Dated: September 13, 2019                     CROWELL & MORING LLP


                                              By: */s/ Kathleen Taylor Sooy*
                                                    Kathleen Taylor Sooy

                                              *Attorneys for* GENERAL MOTORS LLC